**IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | | |
|---|---|---|
| **B O X ACQUISITIONS, LLC,** d/b/a BOX PARTNERS, LLC and BOX PACKAGING, LLC an Illinois Limited Liability Company, | ) ) ) | |
| | ) | Civil Action No. 12-cv-4021 |
| Plaintiff | ) ) | |
| | ) | Judge _____ |
| v. | ) ) | **JURY TRIAL DEMANDED** |
| **BOX PACKAGING PRODUCTS, LLC,** an Indiana Limited Liability Corporation; **JAMIL PACKAGING CORPORATION**, an Indiana Corporation; and **DAVID M. DIROLL**, an individual, | ) ) ) | |
| Defendants. | | |

<u>**COMPLAINT**</u>

Plaintiff B O X Acquisitions, LLC ("Box"), for its complaint against Defendants Box Packaging Products, LLC ("BPP LLC"), Jamil Packaging Corporation ("Jamil"), and David M. Diroll, states as follows:

<u>**NATURE OF ACTION**</u>

Box brings this action to protect one of its most valuable assets, namely, the goodwill and consumer recognition associated with its BOX PACKAGING trademarks, which Box has used for many years in connection with advertising, marketing, and promotion of the packaging, shipping and industrial products of others. As described more fully below, without Box's authorization or consent, and with full and complete knowledge of Box's prior rights in its BOX PACKAGING and BOX PARTNERS trademarks, Defendants commenced use of the designation BOX PACKAGING in connection with identical services, namely advertising, marketing and promotional services in the field of packaging, shipping, corrugated boxes, and

industrial products by providing an on-line website and advertising and marketing materials. Defendants have created circumstances whereby members of the public are likely to be led to believe incorrectly that Defendants and its goods/services are somehow authorized by, sponsored by or affiliated with Box and its well-known BOX PACKAGING and BOX PARTNERS trademarks.

## THE PARTIES

1.      Plaintiff Box is a limited liability company organized and existing under the laws of the state of Illinois, and has its principal place of business at 2650 Galvin Drive, Elgin, Illinois 60124.

2.      Defendant Jamil is a corporation organized and existing under the laws of the state of Indiana and has its principal place of business at 1420 Industrial Drive, Mishawaka, Indiana 46544.

3.      Defendant BPP LLC is a limited liability corporation organized and existing under the laws of the state of Indiana and has its principal place of business at 2215 Topswood Lane, South Bend, Indiana 46614.

4.      Upon information and belief, Defendant BPP LLC is a division of Jamil.

5.      Upon information and belief, David M. Diroll is an individual resident of Indiana with a primary residence located at 2215 Topswood Lane, South Bend, Indiana 46614.

## JURISDICTION AND VENUE

6.      This Court has jurisdiction over this matter pursuant to 15 U.S.C. § 1121, and pursuant to 28 U.S.C. §§ 1331, 1332, and 1338 because this case arises under the Lanham Act, 15 U.S.C. §§ 1051, *et seq.*  This Court also has supplemental jurisdiction over this action pursuant to 28 U.S.C. § 1367.

7.      Venue is proper pursuant to 28 U.S.C. §§ 1391(b).

## BACKGROUND

8.      Box and its predecessor-in-interest have continuously used the name and mark BOX PACKAGING since 1989.  Box's predecessor, Box Packaging Inc., was incorporated with the Illinois Secretary of State on April 5, 1989.  The business operations and rights of Box Packaging, Inc. later transferred to Box Acquisitions LLC, which assumed the name Box Packaging LLC in January 2010.

9.      Since beginning operations in 1989, Box is now the nation's largest wholesaler of packaging, shipping and industrial supplies, distributing over 10,000 products to companies nationwide with a major emphasis in corrugated and plastic packaging materials.

10.      For over 20 years, and long prior to the acts of Defendants complained of herein, Box and its predecessor-in-interest have been engaged in offering packaging, shipping, and industrial supplies goods and services nationwide under the BOX PACKAGING name and trademark (the "BOX PACKAGING Marks").

11.      In addition, Box owns the following valid and subsisting federal registrations for its BOX PARTNERS trademarks (the "BOX PARTNERS Marks"):

| Mark | Reg. No. | Reg. Date | Goods/Services |
|---|---|---|---|
| BOXPARTNERS | 3,963,898 | May 24, 2011 | cl. 35  Advertising, marketing, and promotion of the packaging, shipping and industrial products of others |
| BOXPARTNERS.COM | 3,963,899 | May 24, 2011 | cl. 35  Advertising, marketing, and promotion of the packaging, shipping and industrial products of others |

12.     Box registered the <boxpartners.com> domain name on November 30, 2004 long prior to Defendant's registration of the Infringing Domain Name.  On top of its own domain name and websites, Box also hosts Internet websites for its clients.

13.     Box and its predecessors-in-interest have sold many millions of dollars worth of packaging, shipping and industrial supplies goods and services under its BOX PACKAGING Marks and BOX PARTNERS Marks in the United States and has spent substantial sums in advertising its products and services under the BOX PACKAGING Marks and BOX PARTNERS Marks.

14.     As a result of such extensive sales and advertising, the BOX PACKAGING Marks and BOX PARTNERS Marks have become well known in the United States,  and represent extraordinarily valuable goodwill.

Defendant's Infringing Activities

15.     Defendant Jamil, became a customer of Box in 1998 as evidenced by the BOX PACKAGING, Inc. application for credit completed by Defendants Jamil and Diroll on June 9, 1998 attached hereto as **Exhibit A**.

16.     Since becoming a Box vendor in 2008, Defendants Jamil and Diroll utilized and have regularly engaged in business with Box as shown by the sample Jamil invoice addressed to BOX PACKAGING, INC. attached hereto as **Exhibit B**.

17.     Defendant Jamil entered into a Web Hosting Agreement with Box (notably doing business as BOX PACKAGING, INC) on October 18, 2007.  *See* **Exhibit C**, a true and correct copy of the Parties Web Hosting Agreement.

18.     In spite of the knowledge of Box and its use and ownership of the BOX PACKAGING Marks, Defendants obtained the <boxpackaging.com> domain name on

December 6, 2010 , the  <boxpackaging.info> domain name on May 9, 2011, the
<boxpackaging.biz> domain name on November 27, 2010 and the <boxpackaging.co> domain
name on November 14, 2010 each listing Defendant Diroll located at 2215 Topswood Lane
South Bend, Indiana 46614 as the registrant (collectively, the "Infringing Domain Names"), and
registered the BOXPACKAGING.COM supplemental federal trademark registration number
4,123,303 in connection with "[a]dvertising, marketing and promotional services in the field of
packaging, shipping, corrugated boxes, and industrial products by providing an on-line website
and advertising and marketing materials" on April 3, 2012 identifying Box Packaging Products
LLC located at 2215 Topswood Lane South Bend, IN 46614 as the owner (the "Infringing
Mark").

19.     Recently, and long after knowledge of the rights of Box in the BOX
PACKAGING marks, Defendants began using the Infringing Domain Names
<boxpackaging.com>, <boxpackaging.biz> and <boxpackaging.co> for websites which claim to
describe the services offered by Defendants Jamil and BPP LLC.  The goods and services appear
to be identical or confusingly similar to those offered by Box.

20.     The Infringing Domain Name <boxpackaging.info> currently resolves to a
GoDaddy parking page.

21.     The Infringing Domain Names are confusingly similar to the BOX PACKAGING
Marks because they each incorporate the BOX PACKAGING mark in its entirety.

22.     Defendants' use of the BOX PACKAGING Marks in connection with the
Infringing Domain Names and rendering of other goods and services is likely to cause confusion
and deception as to source, sponsorship, affiliation or endorsement, with Box and its BOX
PACKAGING Marks and BOX PARTNERS Marks.

23.     On information and belief, Defendants' use of the Infringing Domain Names is intended to divert Internet users seeking Box's goods and services which have been rendered under the BOX PACKAGING Marks for over 20 years.

24.     Defendants' aforesaid activities are without the consent of Box.

### COUNT I
### FALSE OR FRAUDULENT REGISTRATION
### (15 U.S.C. § 1120)

25.     Box incorporates and alleges paragraphs 1 through 24 as fully set forth herein.

26.     Defendants obtained Registration No. 4,123,303 based on false and fraudulent statements.

27.     At the time the application for registration was filed on October 18, 2011, Defendants were aware that Box was using the BOX PARTNERS Marks and BOX PACKAGING Marks in commerce.  Notwithstanding this knowledge, Defendants executed the declaration under oath stating that no other person had the right to use the mark.

28.     As a result of Defendants' false and fraudulent statements, Registration No. 4,123,303 was issued by the United States Patent and Trademark Office ("USPTO"). Box has suffered, and continues to suffer, substantial and irreparable injury as a result of the issuance of the registration by the USPTO.

29.     As a result of Defendants' aforesaid conduct, Box has suffered substantial damage and irreparable harm constituting an injury for which Box has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Box will continue to suffer irreparable harm.

### COUNT II
### CANCELLATION OF U.S. TRADEMARK REGISTRATION
### (15 U.S.C. § 1119)

30.     Box incorporates and alleges paragraphs 1 through 30 as fully set forth herein.

31.     The continued existence of Registration No. 4,123,303, wrongfully gives Defendants the benefits arising from a federal registration, to the detriment of Box.

32.     The continued existence of Registration No. 4,123,303 has caused Box substantial injury.

33.     The continued existence of Registration No. 4,123,303 on the Trademark Register continues to cause harm to the public, who may mistakenly think that Defendants have legitimate rights to the trademark BOXPACKAGING.COM.

34.     Defendants' acts in improperly obtaining Registration No. 4,123,303 have caused Box substantial and irreparable injury and will continue to do so unless enjoined by this Court.

35.     As a result of Defendants' aforesaid conduct, Box has suffered substantial damage and irreparable harm constituting an injury for which Box has no adequate remedy at law.  Box will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct and orders the Director of the U.S. Patent and Trademark Office to cancel Defendants BOXPACKAGING.COM Registration.

## COUNT III
## FEDERAL TRADEMARK INFRINGEMENT
## (15 U.S.C. § 1114)

36.     Box incorporates and alleges paragraphs 1 through 35 as fully set forth herein.

37.     Defendants had constructive and actual knowledge of Box's ownership of and rights in its federally-registered BOX PARTNERS Marks prior to its unauthorized use of designations that are confusingly similar to those registered marks pursuant to 15 U.S.C. § 1072.

38.     Defendants have thus deliberately and willfully used the BOX PACKAGING mark in an attempt to trade upon the widespread goodwill, reputation and selling power established by Box under its BOX PARTNERS Marks, and to pass Defendants' products and services off as those of Box.

39.     Box has not consented to, and has in fact objected to, Defendants' use of the BOX

PACKAGING mark in connection with the promotion and sale of Defendants' products and

services.

40.     Defendants' unauthorized use of the BOX PACKAGING mark in connection with

advertising, marketing and promotional services in the field of packaging, shipping, corrugated

boxes, and industrial products by providing an on-line website and advertising and marketing

materials is likely to cause confusion, mistake or deception as to the affiliation, connection or

association of Defendants with Box in violation of 15 U.S.C. §§ 1114 and 1125.

41.     The intentional nature of the aforementioned acts renders this an exceptional case

under 15 U.S.C. § 1117(a).

42.     As a result of Defendants' aforesaid conduct, Box has suffered substantial damage

and irreparable harm constituting an injury for which Box has no adequate remedy at law.  Box

will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct and orders

the Director of the U.S. Patent and Trademark Office to cancel Defendants

BOXPACKAGING.COM Registration.

## COUNT IV
## UNFAIR COMPETITION AND FALSE DESIGNATION OF ORIGIN
### (15 U.S.C. § 1125(a))

43.     Box incorporates and alleges paragraphs 1 through 42 as fully set forth herein.

44.     Defendants have deliberately and willfully used the BOX PACKAGING mark in

an attempt to trade on the long-standing and hard-earned goodwill, reputation and selling power

established by Box in connection with its advertising, marketing, and promotion of the

packaging, shipping and industrial products of others, as well as in order to confuse consumers

as to the origin and sponsorship of Defendants' goods/services.

45.     Defendants unauthorized and tortious conduct has also deprived and will continue to deprive Box of the ability to control the consumer perception of its goods marketed under its BOX PACKAGING Marks and BOX PARTNERS Marks, placing the valuable reputation and goodwill of Box in the hands of Defendants, over whom Box has no control.

46.     Defendants' conduct is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendants with Box, and as to the origin, sponsorship or approval of Defendants and its goods/services, in violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125(a)(l).

47.     The intentional nature of the aforementioned acts renders this an exceptional case under 15 U.S.C. § 1117(a).

48.     As a result of Defendants' aforesaid conduct, Box has suffered substantial damage and irreparable harm constituting an injury for which Box has no adequate remedy at law. Box will continue to suffer irreparable harm unless this Court enjoins Defendants' conduct and orders the Director of the U.S. Patent and Trademark Office to cancel Defendants BOXPACKAGING.COM Registration.

**COUNT V**
**CYBERSQUATTING**
**(15 U.S.C. § 1125(d))**

49.     Box incorporates and alleges paragraphs 1 through 48 as fully set forth herein.

50.     Box is the owner of the BOX PACKAGING Marks and BOX PARTNERS Marks, for which it has obtained two federal registrations.  Box began promoting and distributing its advertising, marketing, and promotion of the packaging, shipping and industrial products of others products and services under its BOX PACKAGING Marks and BOX PARTNERS Marks years prior to Defendants' adoption of the infringing BOX PACKAGING mark.

51.     Defendants have registered and used the <boxpackaging.com>, <boxpackaging.biz> and <boxpackaging.info> domain names, which are confusingly similar to and dilutive of Box's BOX PACKAGING Marks and BOX PARTNERS Marks.

52.     Defendants have registered and used the <boxpackaging.com>, <boxpackaging.biz> and <boxpackaging.info> domain names with a bad faith intent to profit from Box's BOX PACKAGING Marks and BOX PARTNERS Marks.

53.     Defendants' wrongful conduct violates the Anti-Cybersquatting Consumer Protection Act (""ACPA''), 15 U.S.C. § 1125(d).

54.     As a result of Defendants' aforesaid conduct, Box has suffered substantial damage and irreparable harm constituting an injury for which Box has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Box will continue to suffer irreparable harm.

**COUNT VI**
**VIOLATION OF THE ILLINOIS DECEPTIVE TRADE PRACTICES ACT**
**(815 ILCS 510/1 *et seq.*)**

55.     Box incorporates and alleges paragraphs 1 through 54 as fully set forth herein.

56.     Defendants' actions complained of herein constitute deceptive trade practices in violation of 815 ILCS 510/2 in that they are likely to cause confusion or misunderstanding as to source, sponsorship or approval of Defendants' goods and services.  Defendants' deceptive conduct also creates a likelihood of confusion as to the affiliation, connection or association of its goods with Box's well-known goods and services.

57.     Because Defendants had constructive and actual notice of Box's prior use of and rights in its BOX PACKAGING Marks before Defendants' first use of the BOX PACKAGING mark, Defendants willfully engaged in deceptive trade practices in violation of Illinois law.

58.     As a result of Defendants' aforesaid conduct, Box has suffered substantial damage and irreparable harm constituting an injury for which Box has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Box will continue to suffer irreparable harm.

## COUNT VII
## VIOLATION OF THE ILLINOIS CONSUMER FRAUD AND DECEPTIVE BUSINESS PRACTICES ACT
## (815 ILCS 505/1 *et seq.*)

59.     Box incorporates and alleges paragraphs 1 through 58 as fully set forth herein.

60.     The Illinois Consumer Fraud and Deceptive Business Practices Act, 815 ILCS 505/2 (1996), sets forth in pertinent part:

> Unfair methods of competition and unfair or deceptive acts or practices, including but not limited to the use or employment of any deception, fraud, false pretense, false promise, Misrepresentation or the concealment, suppression or omission of any material fact, with intent that others rely upon the concealment, suppression or omission of such material fact, or the use of employment of any practice described in Section 2 of the "Uniform Deceptive Trade Practices Act," approved August 5, 1965, in the conduct of any trade or commerce are hereby declared unlawful whether any person has in fact been misled, deceived or damaged thereby.

61.     Defendants have marketed and sold, and may continue to market and sell, goods and services under the BOXPACKAGING.COM trademark that are confusingly similar to those marketed and sold by Box and which infringe Box's BOX PACKAGING Marks and BOX PARTNERS Marks. Defendants' acts constitute deception, fraud, false pretense, false promise, misrepresentation, or the concealment, suppression or omission of a material fact. Upon information and belief, Defendants intend that others rely upon these unfair methods of competition and unfair or deceptive acts or practices.

62.     On information and belief, Defendants' deceptive business practices involve conduct addressed to the market generally and implicate consumer protection concerns because the deceptive practices have caused and continue to cause injury to consumers.

63.     Unless Defendants' acts are restrained by this Court, Defendants' deceptive business practices will continue and the public will continue to suffer great and irreparable injury. By engaging in deceptive practices as prohibited by Section 2 of the Uniform Deceptive Trade Practices Act, 815 ILCS 510/2, Defendants have violated the Illinois Consumer Fraud and Deceptive Business Practices Act.

64.     Box has been irreparably damaged, and continues to be damaged by Defendants' deceptive business practices and therefore Box is entitled to injunctive relief, pursuant to 815 ILCS 505/10a(c).

65.     On information and belief, Box has suffered and continues to suffer monetary damages as a consequence of Defendants' deceptive business practices and therefore Box is entitled to actual damages, reasonable attorney's fees and costs pursuant to 865 ILCS 505/10a(a) and (c).

66.     As a result of Defendants' aforesaid conduct, Box has suffered substantial damage and irreparable harm constituting an injury for which Box has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Box will continue to suffer irreparable harm.

<u>COUNT VIII</u>
**TRADEMARK INFRINGEMENT**
**(Violation of Illinois Common Law)**

67.     Box incorporates and alleges paragraphs 1 through 66 as fully set forth herein.

68.     In addition to constituting violations of 15 U.S.C. 1125(a), as alleged in COUNT III to this Complaint, Defendants' actions violate the common law of the State of Illinois.

69.     As a result of Defendants' aforesaid conduct, Box has suffered substantial damage and irreparable harm constituting an injury for which Box has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Box will continue to suffer irreparable harm.

## COUNT IX
## UNFAIR COMPETITION
### (Violation of Illinois Common Law)

70.     Box incorporates and alleges paragraphs 1 through 69 as fully set forth herein.

71.     Defendants' acts described above constitute unfair competition in violation of Illinois common law, as the aforementioned acts amount to an intentional misappropriation of Box's BOX PACKAGING Marks, reputation and commercial advantage.

72.     Defendants' use of the BOX PACKAGING mark, designations that are substantially identical to Box's BOX PACKAGING Marks or confusingly similar with Box's BOX PARTNERS Marks, in connection with the identical goods with which Box uses its well-known BOX PACKAGING Marks and BOX PARTNERS Marks, is likely to confuse and deceive the public by allowing Box to pass off its goods and services as being affiliated with, sanctioned by or authorized by Box.

73.     Defendants have willfully and intentionally misappropriated and exploited the valuable intellectual property rights and goodwill of Box in its BOX PACKAGING Marks and BOX PARTNERS Marks. As a result of its wrongful actions, Defendants will be unjustly enriched.

74.     As a result of Defendants' aforesaid conduct, Box has suffered substantial damage and irreparable harm constituting an injury for which Box has no adequate remedy at law. Unless this Court enjoins Defendants' conduct, Box will continue to suffer irreparable harm.

## PRAYER FOR RELIEF

WHEREFORE, Box prays this Court enter an order and judgment in its favor and against Defendants:

a.      Preliminarily and permanently enjoining and restraining Defendants, its parents, subsidiaries, licensees, owners, directors, officers, partners, assigns, related entities, predecessors, successors, employees, representatives, trustees, receivers,

agents and any other persons or entities acting on behalf of Defendants or with Defendants' authority, from:

    i.  using, selling, offering for sale, holding for sale, advertising or promoting any goods or services under or in connection with any trade name, trademark, service mark or Internet domain name that is comprised in whole or in part of the term "Box Packaging" or any other term confusingly similar to Box's BOX PACKAGING Marks; or

    ii.  doing any act or thing that is likely to induce the belief that Defendants' goods, services or activities are in some way connected with Box's business, or that is likely to injure or damage Box's BOX PACKAGING Marks or business; and

b.  Ordering that all rights in and to the <boxpackaging.com>, <boxpackaging.biz> , <boxpackaging.co> and <boxpackaging.info> domain names be transferred immediately to Box; and

c.  Issuing a certified Order to the Director of the U.S. Patent and Trademark Office, pursuant to Section 37 of the Lanham Act, 15 U.S.C. § 1119, ordering the Director to enter upon the records of the Patent and Trademark Office a cancellation of Defendants' BOXPACKAGING.COM Registration, Registration No. 4,123,303, for use with Advertising, marketing and promotional services in the field of packaging, shipping, corrugated boxes, and industrial products by providing an on-line website and advertising and marketing materials; and

d.  Requiring that Defendants:

    i.  reimburse Box for all damages it has suffered by reason of Defendants' acts complained of herein;

    ii.  remit to Box exemplary damages;

    iii.  reimburse Box for the costs it has incurred in bringing this action, together with its reasonable attorneys fees and disbursements; and

e.  Ordering Defendants to pay statutory damages in the amount of $100,000.00 per Infringing Domain Name. 15 U.S.C. § 1117(d), and

f.  Requiring that Box be awarded such other and further relief as this Court may deem equitable.

## **JURY TRIAL DEMAND**

Pursuant to Fed. R. Civ. P. 38(b), Box demands a trial by jury of all issues triable of right by a jury.

**DATED: May 23, 2012**                     Respectfully submitted,

**BOX ACQUISITIONS, LLC**

By _____s/Colin T.J. O'Brien_____
    PARTRIDGE IP LAW P.C.
    Mark V.B. Partridge
    Colin T.J. O'Brien
    Jordan A. Arnot
    161 North Clark Street, Suite 4700
    Chicago, Illinois 60601
    (312) 634-9500 Telephone
    (312) 634-9505 Facsimile

*Attorneys for the Plaintiff*
*B O X Acquisitions, LLC*